1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7  TOM MOSGROVE,                                    Case No.  24-cv-00808-BLF

8                                  Plaintiff,

9              v.                                   **ORDER GRANTING MOTIONS TO**
                                                    **DISMISS THE AMENDED**
10 COUNTY OF SANTA CLARA, et al.,                   **COMPLAINT**

11                                Defendants.        [Re:  ECF Nos. 41, 42, 49]

12

13         Plaintiff Tom Mosgrove ("Plaintiff") brings this action alleging violations of 42 U.S.C.

14 § 1983 ("Section 1983") against the City of Morgan Hill, Morgan Hill Police Officers Scott Martin,

15 Matthew Donatoni, Katrina Olson, and other unnamed police officers (collectively, "Morgan Hill

16 Defendants"), the County of Santa Clara ("County"), District Attorney Jeffrey F. Rosen ("D.A.

17 Rosen"), and the Police Chiefs' Association of Santa Clara County ("PCA"). Morgan Hill

18 Defendants answered the First Amended Complaint ("FAC"). ECF 38. Before the Court are two

19 motions to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(6), the first brought by

20 County and D.A. Rosen, and the second brought by PCA. ECF 41, 49. The Court held a hearing on

21 the two motions to dismiss on September 12, 2024. ECF 68. For the reasons stated on the record, at

22 the hearing and herein, the Court rules as follows: 1) GRANTS County's motion to dismiss WITH

23 LEAVE TO AMEND, 2) GRANTS PCA's motion to dismiss WITH LEAVE TO AMEND, and 3)

24 GRANTS D.A. Rosen's motion to dismiss WITHOUT LEAVE TO AMEND.

25    **I.    BACKGROUND**

26         Plaintiff filed this action on February 9, 2024 and filed the operative FAC as of right on

27 April 25, 2024. ECF 1, 31. While D.A. Rosen was not named as a defendant in the initial complaint,

28 he was added as a defendant in the FAC. ECF 1, 31. Plaintiff alleges the following facts, which are

United States District Court
Northern District of California

1    accepted as true for purposes of the motions to dismiss.

2        On February 10, 2022, officers from the Morgan Hill Police Department ("MHPD") arrived

3    at Plaintiff's house in Morgan Hill to investigate a domestic violence incident. ECF 31, ¶ 24. Upon

4    their arrival, the officers separated Plaintiff and his wife. *Id.*, ¶ 25. While Plaintiff was detained, he

5    was informed by more than one officer that "[w]henever MHPD officers are dispatched for a

6    domestic violence incident, someone must be arrested without exception." *Id.*, ¶ 26. MHPD officers

7    later arrested Plaintiff for violating California Penal Code section 243(e)(1), domestic violence

8    battery of spouse, and California Penal Code section 236, false imprisonment. *Id.*, ¶ 32. Plaintiff

9    then spent about six days in the Santa Clara County main jail. *Id.*, ¶¶ 36-42. Ultimately, Plaintiff

10   was not prosecuted. *Id.*, ¶ 43.

11       Plaintiff alleges that his arrest was unconstitutional and was the result of the policies,

12   customs and practices established by the Domestic Violence Protocol ("Protocol"). *Id.*, ¶¶ 1, 49, 55,

13   58-61. The Protocol was developed in 1993 at the request of PCA and the Santa Clara Domestic

14   Violence Council. *Id.*, ¶ 50. According to the Plaintiff, the Protocol is updated annually for the law

15   enforcement community to enforce. *Id.* Plaintiff alleges that the Protocol establishes

16   unconstitutional policies, customs and practices that require police officers to make arrests

17   regardless of finding probable cause when responding to domestic violence incidents. *Id.*, ¶¶ 2, 52,

18   60, 64. Plaintiff alleges that PCA's members, including MHPD and other police agencies throughout

19   Santa Clara County, and County officials, "periodically review, approve, and adopt" the Protocol as

20   their "own custom, policy, practice, or protocol." *Id.*, ¶¶ 51-52. Plaintiff further alleges that MHPD,

21   County and other police agencies within Santa Clara County fail to train and/or supervise police

22   officers regarding the enforcement of the Protocol and require the police officers to make

23   unconstitutional arrests. *Id.*, ¶¶ 61-65.

24       Plaintiff asserts a Section 1983 claim for unreasonable seizure under the Fourth Amendment

25   against all defendants. *Id.* at 13.

26   **II.    LEGAL STANDARD**

27       "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

28   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force*

United States District Court
Northern District of California

1  *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732

2  (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all

3  well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v.*

4  *BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court needs not

5  "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations

6  that are merely conclusory, unwarranted deducts of fact, or unreasonable interferences." *In re Gilead*

7  *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint does not need to contain

8  detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a

9  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

10  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows

11  the court to draw the reasonable inference that the defendant is liable of the misconduct alleged."

12  *Id.*

13        In deciding whether to grant leave to amend following dismissal, or pursuant to Federal Rule

14  of Civil Procedure 15(a), the Court must consider the factors set forth by the Supreme Court in

15  *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence*

16  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant

17  leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or

18  dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the

19  opposing party that carries the greatest weight. *Id.* Moreover, the proposed addition of new claims

20  unrelated to the claims and defenses in the original complaint may be grounds for denial leave to

21  amend. *See, e.g., Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)

22  (denial of leave to amend not abuse of discretion where proposed new claims would have "greatly

23  altered the nature of the litigation" and required defendants to undertake "an entirely new course of

24  defense"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (affirming denial of

25  leave to amend where additional claims "advance different legal theories and require proof of

26  different facts").

27  **III.    REQUEST FOR JUDICIAL NOTICE**

28        County requests that the Court takes judicial notice of the Morgan Hill Police Department

United States District Court
Northern District of California

1   Policy Manual ("MHPD Policy Manual"), which sets forth MHPD policy, including policies

2   governing domestic violence arrests. ECF 42 (citing ECF 43-1). The MHPD Policy Manual is

3   available on MHPD's website and contains standards for domestic violence arrests. ECF 41 at 2

4   (citing ECF 43-1); ECF 42 at 2. The document is properly subject to judicial notice because it is

5   incorporated by reference into the FAC. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

6   308, 322 (2007); ECF 31 ¶¶ 12, 49, 58, 61, 64-66, 75, 82, 85. Thus, the Court GRANTS the request.

7   **IV.     DISCUSSION**

8         Plaintiff asserts claims under Section 1983 against PCA, County and D.A. Rosen based on

9   liability under *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978). "The

10  Supreme Court in *Monell* held that municipalities may only be held liable under section 1983 for

11  constitutional violations resulting from official ... policy or custom." *Benavidez v. Cty. of San Diego*,

12  993 F.3d 1134, 1153 (9th Cir. 2021) (citing *Monell*, 436 U.S. at 694). "[P]olicies can include written

13  policies, unwritten customs and practices, failure to train municipal employees on avoiding certain

14  obvious constitutional violations, . . . and, in rare instances, single constitutional violations [that]

15  are so inconsistent with constitutional rights that even such a single instance indicates at least

16  deliberate indifference of the municipality[.]" *Id.* at 1153 (internal citations omitted). "A

17  municipality may [also] be held liable for a constitutional violation if a final policymaker ratifies a

18  subordinate's actions." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). "In order to establish

19  liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff]

20  possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy;

21  (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4)

22  that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of

23  Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (alterations in original) (quoting *Plumeau v. Sch. Dist.

24  No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

25         A.  Claims Against County and PCA

26         Plaintiff alleges that his claims against County and PCA are based on the unconstitutional

27  Protocol, failure to supervise and train, and unwritten customs or practices. ECF 31 at ¶ ¶61-63, 82,

28  85. As an initial matter, Plaintiff conceded during the hearing that the Protocol is not

United States District Court
Northern District of California

United States District Court
Northern District of California

unconstitutional "on its face." ECF 71, Tr. at 15:7-8. It was acknowledged that the Protocol does not state that domestic violence arrests can be made without probable cause. *See id.*, Tr. at 16:6-17:2. Thus, the Court analyzes only the failure to train and unwritten customs or practices theories of *Monell* liability.

      1.  Failure to Train or Supervise

"Failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Harris*, 489 U.S. at 390. Failure to train or supervise government employees may constitute a sufficient policy under *Monell* if "the training or supervision is sufficiently inadequate as to constitute 'deliberate indifference' to the rights of persons." *Davis v. City of Ellensberg*, 869 F.2d 1230, 1235 (9th Cir. 1989) (citing *Harris*, 489 U.S. at 379). Mere negligence in training or supervision does not give rise to a *Monell* claim; rather, the need to train or supervise must be "obvious." *Dougherty*, 654 F.3d at 900.

The Court finds Plaintiff's allegations are insufficient. Plaintiff attempts to allege that police officers in "MHPD and other police agencies in County of Santa Clara" did not receive ongoing training and supervision on domestic violence incidents and conducted unconstitutional arrests without having probable cause. ECF 31, ¶¶ 62-65. But Plaintiff fails to allege any facts demonstrating that the MHPD police officers are the County's or PCA's employees. Plaintiff also attempts to support this theory of liability against County and PCA by alleging that police agencies and police officers in Santa Clara County are agents of County and PCA, and thus County and PCA are liable for the actions of the police agencies and the police officers. ECF 31 at ¶¶ 10, 51, 54, 58, 87. Additionally, Plaintiff alleges that County and MHPD are agents of PCA, and those entities "participated, aided, or conspired in the violation of plaintiff's rights." ECF 31 at ¶¶ 9, 18. But Plaintiff fails to plead any factual allegations or legal authorities to make it plausible that a principal-

agency relationship exists among different public entities. Plaintiff's recitations, without additional factual allegations as to the training or supervision, are insufficient to plead a *Monell* claim. *See Dougherty*, 654 F.3d at 900.

### 2. Custom or Practice

A municipality may be held liable on the basis of an unconstitutional policy if a plaintiff can "prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents"—rather, "[t]he custom must be so persistent and widespread that it constitutes a permanent and well settled city policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal citations omitted). To withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits." *Warner v. Cty. of San Diego*, No. 10-1057, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell*, 436 U.S. at 691).

Plaintiff attempts to plead that the Protocol establishes a custom or practice that is so widespread that it is an unconstitutional policy mandating police officers in Santa Clara County make domestic violence arrests without finding probable cause. ECF 31 at ¶¶ 10-12, 49-51, 61, 75, 77, 82. But Plaintiff acknowledges that the Protocol is not facially unconstitutional. *See Harris*, 489 U.S. at 389 (a municipality is "liable under § 1983 only where its policies are the moving force behind the constitutional violation."); ECF 71, Tr. at 15:7-8. To the extent that Plaintiff attempts to allege custom and practice based on his own arrest, his allegations are presently insufficient to allege *Monell* liability. *See Saved Mag. v. Spokane Poilce Dept't*, 19 F.4th 1193, 1201 (9th Cir. 2021) ("An isolated or sporadic incident . . . cannot form the basis of *Monell* liability for an improper custom."). Plaintiff has not sufficiently alleged any other examples of police officers making domestic violence arrests without probable cause. In his Opposition, Plaintiff attempts to cure this deficiency by

1    introducing the declarations of Neel Mehta, who was arrested by the Sunnyvale Police for domestic

2    violence, and Kelly Davis and Paul Davis, who was arrested by the Santa Clara County Sheriff's

3    Office in response to a domestic violence incident. ECF 52 at 8-9, 13-15. But "new allegations

4    contained in [Plaintiff's] opposition [to a motion to dismiss] are irrelevant for Rule 12(b)(6)

5    purposes." *Schneider v. California Dep't. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

6    Accordingly, Plaintiff's *Monell* claim cannot proceed on the custom and practice theory as presently

7    pled. And, although the Court will allow Plaintiff to amend this claim, Plaintiff is advised that he

8    will need to allege facts connecting the conduct of independent police agencies to MHPD.

9            For the above reasons, Plaintiff has not sufficiently alleged liability under *Monell*, and his

10   claims against County and PCA are DISMISSED WITH LEAVE TO AMEND only with respect to

11   his failure to train or supervise and unwritten policy or custom theories.

12           B.  Claim Against D.A. Rosen

13           D.A. Rosen argues that Plaintiff's claim against him is time barred because the FAC was

14   filed after the statute of limitations expired, and the claim cannot relate back under Federal Rule of

15   Civil Procedure Rule 15(c)(1)(C) because Plaintiff failed to establish that D.A. Rosen "knew or

16   should have known that the action would have been brought against [him], but for a *mistake*

17   concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). In his

18   Opposition, Plaintiff ignored Rule 15(c)(1)(C)'s requirement—"plaintiff initially made a 'mistake

19   concerning the property party's identity.'" *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 554

20   (2010) (internal citation omitted). Indeed, at the hearing, Plaintiff agreed to voluntarily dismiss his

21   claim against D.A. Rosen. *See* ECF 71, Tr. at 23:20-24:2. Accordingly, the Court GRANTS D.A.

22   Rosen's motion to dismiss WITHOUT LEAVE TO AMEND.

23   **V.    ORDER**

24           For the foregoing reasons, IT IS HEREBY ORDERED that:

25           (1) GRANTED WITH LEAVE TO AMEND as to the motion to dismiss brought by County;

26           (2) GRANTED WITH LEAVE TO AMEND as to the motion to dismiss brought by PCA;

27               and

28           (3) GRANTED WITHOUT LEAVE TO AMEND as to the motion to dismiss brought by

United States District Court
Northern District of California

1    D.A. Rosen.

2    Any amended complaint SHALL be filed within sixty (60) of the date of this Order. Failure

3   to meet the deadline to file an amended complaint or failure to cure the deficiencies identified on

4   the record or in this Order will result in a dismissal of the deficient claims with prejudice. Leave to

5   amend is limited to the defects addressed in this Order, and Plaintiff may not add parties or claims

6   without prior leave of the Court.

7

8   Dated:  October 8, 2024

9   _____

10  BETH LABSON FREEMAN
    United States District Judge