United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TOM MOSGROVE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 24-cv-00808-BLF<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND DEADLINE TO FILE A SECOND AMENDED COMPLAINT AND SUA SPONTE GRANTING EXTENTION OF TIME BY 10 DAYS**<br><br>[Re: ECF No. 76] |

Before the Court is Plaintiff Tom Mosgrove's ("Plaintiff") administrative motion to extend his deadline to file a second amended complaint. ECF 76. Defendants City of Morgan Hill, Scott Martin, Matthew Donatoni, Katrina Olson (collectively, "City Defendants") and the County of Santa Clara ("County") filed two oppositions. ECF 77, 78. For the reasons below, the Court DENIES Plaintiff's administrative motion.

## I.   BACKGROUND

Plaintiff filed this action against City Defendants, County, and the Police Chiefs' Association of Santa Clara County ("PCA") (collectively, "Defendants") on February 9, 2024. ECF 1. Plaintiffs filed the first amended complaint ("FAC") as of right on April 25, 2024. ECF 31. While District Attorney Jeffrey F. Rosen ("D.A. Rosen") was not named as a defendant in the initial complaint, he was added as a defendant in the FAC. *See* ECF 1, 31. City Defendants answered the FAC. ECF 38. County, D.A. Rosen and PCA moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(6). ECF 41, 49. The Court held a hearing on the motions to dismiss on September 12, 2024. ECF 68. At the hearing, the Court stated that it would give Plaintiff "ample time" for his best pleading if the Court were to grant the motions to dismiss, and Plaintiff advised

the Court that 60 days would be sufficient. ECF 71, Motion to Dismiss Tr. at 39:25-40:5. On October 8, 2024, the Court issued the Order granting the motions to dismiss with leave to amend as to County and PCA and without leave to amend as to D.A. Rosen. *See* ECF 74 at 7-8. The Court set the deadline for Plaintiff to file an amended complaint to be December 7, 2024, which is 60 days after the Court issued its Order. *See id.* at 8. On December 3, 2024, Plaintiff filed the instant Administrative Motion, requesting the deadline to be extended to January 21, 2025, or a date thereafter. ECF 76 at 5.

## II. LEGAL STANDARD

Courts have broad discretion to grant extensions of time. *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may, for good cause, extend the time if the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation omitted). Thus, a court should normally grant requests for extensions of time made before the applicable deadline has passed "in absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.*, 624 F.3d at 1259.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian*, 624 F.3d at 1259. Sister courts in the Ninth Circuit have applied the "good cause" standard in Federal Rule of Civil Procedure Rule 16(b), which permits a party to modify a scheduling order "for good cause," Fed. R. Civ. P. 16(b)(4), to that in Rule 6(b)(1)(A). *See, e.g., Liu v. Mandalay Bay, LLC*, No. 2:23-cv-01435-CDS-VCF, 2024 WL 95522, at *2 (D. Nev. Jan. 8, 2024); *Saxena v. Matinez-Hernandez*, 2024 WL 728657, at *1 (D. Nev. Feb. 21, 2024); *Galvan v. Duffie*, 2018 WL 10436581, at *2 (C.D. Cal. Aug. 27, 2018). When evaluating whether the "good cause" standard has been met, the court primarily considers the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment"). A deadline may be extended "if it cannot reasonably be met despite the diligence of the party seeking the extension." *See id.*

### III. DISCUSSION

Plaintiff argues that good cause exists to extend the deadline. ECF 76 at 3-5. Specifically, Plaintiff states that he has worked diligently on discovery since its commencement in September. *Id.* at 3. According to Plaintiff, after reviewing the discovery responses from City Defendants, he served City Defendants a Notice of Taking Deposition of Officer Martin on November 21, 2024, but City Defendants indicated that Officer Martin would not be available for a deposition until January 2025. *Id.* at 4. Plaintiff contends that he will "suffer substantial harm" if he could not depose Officer Martin before filing his amended complaint. *Id.* Plaintiff further argues that an extension of the deadline will not prejudice Defendants because "discovery is ongoing." *Id.*

In their opposition, City Defendants argue that Plaintiff's request is not supported by good cause because he delayed until November 21, 2024, to unilaterally notice Officer Martin's deposition via 11 days' notice. ECF 77 at 4. City Defendants contend that Plaintiff has failed to explain why Officer Martin's deposition is needed to amend his claims against the County and PCA, and Plaintiff's attempt to collect information on the dismissed Defendants for his amended complaint is "inappropriate." *Id.* City Defendants further argue that they will be prejudiced since the extension will cause unnecessary delays in light of other discovery deadlines. ECF 77 at 5.

In its opposition, County contends that there is no basis for extending the deadline to amend Plaintiff's complaint for Officer Martin's deposition because Plaintiff must satisfy the pleading requirements before the discovery stage. ECF 78 at 2 (citing *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (internal citation omitted)). County further contends that Plaintiff has failed to act diligently because he did not serve his deposition notice until sixteen days before the amended complaint was due. ECF 78 at 2. Additionally, County argues that it will be prejudiced by the requested extension in light of other discovery deadlines. ECF 78 at 3.

The Court finds that Plaintiff has failed to show good cause for the requested extension of time to file an amended complaint. As advised by Plaintiff, the Court provided him 60 days after issuance of its Order granting the motions to dismiss for him to amend his complaint, but Plaintiff delayed almost two months in noticing Officer Martin's deposition. *See* ECF 77-1, Declaration of Sheila D. Crawford ("Crawford Decl."), at ¶¶ 5, 8; ECF 77-1, Ex. A. Plaintiff has known of the

3

1  Court's order with respect to the sufficiency of his complaint since the hearing on September 12, 2024, and no later than October 8, 2024, when the Court issued its order granting the motions to dismiss. *See* ECF 67, 74. Without any good reason, Plaintiff's delay of more than a month to unilaterally notice Officer Martin's deposition shortly before the deadline to amend his complaint does not show reasonable diligence. *See Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018) (affirming district court's denial of plaintiffs' motion to extend the deadline for filing their amended complaint because plaintiffs had not shown good cause).

Moreover, Plaintiff is not entitled to discovery to develop his pleading. "Plaintiffs must satisfy the pleading requirements [] *before* the discovery stage, not after it." *Mujica*, 771 F.3d at 593 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)) (emphasis in original). Thus, Plaintiff's requested extension is not justified to the extent he seeks to amend his complaint based on Officer Martin's deposition.

Lastly, the Court finds Defendants will be prejudiced if an extension to file an amended complaint is granted. Under the current scheduling order, the fact discovery cutoff is August 29, 2025, and the expert disclosure deadline is September 5, 2025. ECF 73. In view of the current discovery schedule and other existing deadlines, an extension to file an amended complaint to January 21, 2025, will lead to undue delay and the Defendants will not have sufficient time to complete their discovery.

However, recognizing the short time remaining before the due date for the amended complaint, the Court will grant an additional ten (10) days for Plaintiff to file the amended complaint in consideration of counsel's workload.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Plaintiff's administrative motion to extend its deadline to file a second amended complaint is DENIED but the Court *sua sponte* extends the deadline by ten (10) days. Plaintiff SHALL file an amended complaint **on or before the December 17, 2024, deadline**.

//

//

Dated: December 6, 2024

*[signature]*
BETH LABSON FREEMAN
United States District Judge